UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRADLEY J. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00868-TWP-TAB |
| | ) | |
| INDIANA PAROLE BOARD, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Directing Further Proceedings**

The plaintiff filed this action on March 16, 2018, against the defendant Indiana Parole Board challenging the conditions placed on him as part of the terms of his parole. The relief he seeks is an order from this Court removing those conditions. The plaintiff included a $5.00 filing fee. The Court opened this action as a 42 U.S.C. § 1983 civil rights complaint and directed the plaintiff to pay the $395.00 balance to satisfy the $400.00 civil rights filing fee.

The plaintiff paid the $395.00 balance on March 29, 2018.

However, this action was not properly opened as a civil rights complaint. Because the plaintiff is challenging the conditions of his parole, it should have been opened as a petition for writ of habeas corpus.

A prisoner cannot challenge "the fact or duration of his confinement" through a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Although such claims are covered by the literal language of both § 1983 and the habeas statute, the latter is more specific and has been traditionally utilized as the "instrument to obtain relief from [unlawful] confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78–79 (2005) (quoting *Preiser*, 411 U.S. at 486). So the Supreme Court treats § 1983 as having an implicit exception for actions that lie "within the core of habeas corpus."

*Id.* at 487. This means that prisoners may not use § 1983 to seek "immediate release from prison" or the "shortening [of] the length of their confinement." Id. at 482.

The distinction between § 1983 and habeas was explained in *Heck v. Humphrey*, 512 U.S. 477 (1994), where a state prisoner brought a § 1983 action for damages, claiming officials had unconstitutionally caused his conviction by destroying evidence. *Id.* at 479. The Court held that where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction," the prisoner is precluded from bringing the § 1983 claim unless "the conviction or sentence has already been invalidated." *Id.* at 481–82, 487.

The Seventh Circuit addressed a parolee's § 1983 challenge to his parole condition which prohibited him from traveling to foreign countries. *Williams v. Wisconsin*, 336 F.3d 576, 578–59 (7th Cir. 2003). The Court held that Williams was barred from bringing the challenge through § 1983 and could only rightfully present it as a habeas claim. *Id.* at 580. This was because "[f]or parolees ... the 'conditions' of parole are the confinement." Id. at 579 (emphasis in original). So if the plaintiff were to prevail, "figuratively speaking, one of the 'bars' would be removed from [his] cell." *Id.* at 580 (quoting *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir.1977)).

Because the plaintiff is challenging the conditions so his parole, this should have been docketed as a habeas petition initially. To that end, the clerk is instructed to re-docket, and not convert, this action consistent with the following:

1.      Bradley Harris shall be the petitioner.

2.      The Indiana Parole Board shall be the respondent.

3.      The Nature of Suit shall be 530.

4.      The Cause of Action shall be 28:2254.

Additionally, the filing fee for a habeas petition is $5.00. Therefore, the plaintiff is entitled to have returned to him the excess filing fee in the amount of $395.00. In order to be issued a refund, the plaintiff must complete the Court's Vendor Information Form. **The clerk is instructed** to include a copy of this form along with the plaintiff's copy of this Entry. The plaintiff is instructed to complete this form and return it to the Court in order to receive a reimbursement of the filing fee.

Finally, the petition for emergency injunction, dkt. [8], is **denied** without prejudice. The Indiana Parole Board has not yet appeared in this action so any injunctive relief against them is premature at this time.

      **IT IS SO ORDERED**.

Date: 4/2/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRADLEY J. HARRIS
5775 National Rd. E.
Apt. 206
Richmond, IN 47374